UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL D. MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>P. COVELLO, et al.,<br><br>Defendants. | No. 2:20-CV-1737-WBS-DMC-P<br><br>ORDER REFERRING CASE TO POST-SCREENING ADR PROJECT AND STAYING CASE FOR 120 DAYS |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Defendants have filed an answer to the complaint and this case is now at issue.

The undersigned is referring all post-screening civil rights cases filed by pro se state inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections shall be waived by their participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. Thus, the Court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

///

///

1

  Accordingly, this case is set for a settlement conference before Magistrate Judge Jeremy D. Peterson on May 12, 2021, at 9:00 a.m., via Zoom videoconferencing software. The Court will send the parties a link to the Zoom videoconference at a later date.[1]

  There is a presumption that all post-screening prisoner civil rights cases assigned to the undersigned will proceed to settlement conference.[2] However, if after investigating Plaintiff's claims and speaking with Plaintiff, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project. A motion to opt out must be filed within sixty days of the date of this order.

  Once the settlement conference is scheduled, at least seven days prior to the conference, the parties shall submit to the settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statements shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case.

  Defendant shall e-mail the settlement conference statement to Magistrate Judge Jeremy D. Peterson at jdporders@caed.uscourts.gov. Plaintiff shall place his settlement conference statement in the U.S. mail addressed to United States Magistrate Judge Jeremy D. Peterson, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814. Plaintiff shall mail his settlement conference statement so that it is received by the Court at least seven days before the settlement conference.

  Accordingly, IT IS HEREBY ORDERED that:

  1. This case is set for a settlement conference before Magistrate Judge Jeremy D. Peterson on May 12, 2021, at 9:00 a.m.

---

[1] At the time of this writing, the courthouse is closed to the public. The time or location of this conference will be updated if circumstances dictate.

[2] If the case does not settle, the Court will issue a discovery and scheduling order.

    2. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before the discovery process begins. Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this action.  The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

    3. Should the Defendants elect to opt out of the Post-screening ADR Project, any such motion shall be filed within sixty days from the date of this order.

    4. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to Magistrate Judge Jeremy D. Peterson.

    5. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

    6. The parties remain obligated to keep the Court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

Dated:  January 26, 2021

DENNIS M. COTA  
UNITED STATES MAGISTRATE JUDGE